IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA

VS.                    4:12-CR-00014-01-SWW

JOHNNIE CAMPBELL

## ORDER

For the reasons set out below, Defendant's Motion for Compassionate Release (Doc.  No. 887) is DENIED.

## I.  BACKGROUND

On September 26, 2012, Petitioner pled guilty to possession with intent to distribute oxycodone.[1]  On April 26, 2013 , he was sentenced to 165 months in prison.[2]  On November 24, 2014, his sentence was reduced to 132 months.[3]

## II.  DISCUSSION

Although the First Step Act made the procedural hurdles for compassionate release a bit less strenuous, a defendant still must establish "extraordinary and

---

[1] Doc. Nos. 357, 361.

[2] Doc. Nos. 562, 570.

[3] Doc. No. 659.

compelling reasons" and that release would not be contrary to the 18 U.S.C. §
3553(a) factors.[4]

Before a Defendant may seek compassionate release under the First Step
Act, he must first make the request with the Bureau of Prisons and exhaust his
administrative remedies there.[5] Although no documents are attached to his motion,
Defendant asserts that his motion "is the second step that [he] was told to take after
a response from the warden."[6] Accordingly, the Court will assume that Defendant
has exhausted his administrative remedies.

In support of his request, Defendant also asserts that his "son's mother has
left [his] son with her dad" about a year ago.[7] According to Defendant, his son had
behavioral issues and is bouncing around between family members who watch
him. Under the Guidelines, compassionate release may be warranted upon the
"death or incapacitation of the caregiver of the defendant's minor child."[8]

---

[4]18 U.S.C. § 3553(a)(2) mandates that any sentence imposed reflect the seriousness of the
offense, afford adequate deterrence, protect the public, and provide the defendant with
appropriate rehabilitation.

[5]See *United States v. Smith*, Case No. 4:95-CR-00019-LPR-4, Doc. No. 440 (E.D. Ark. May 14,
2020) (no jurisdiction when defendant fails to exhaust administrative remedies).

[6]Doc. No. 887.

[7]*Id.*

[8]U.S.S.G § 1B1.13 cmt. n. 1 (3).

2

Defendant has provided neither evidence nor argument that his son's mother is incapacitated to the point that she is unable to care for his child.  He only alleges that she has chosen not to take care of his son.  However, other family members have stepped in.

Even if Defendant could establish extraordinary and compelling reasons, his request for relief must be denied because of the § 3553(a) factors – specifically, protecting the public from additional crimes by Defendant and reflecting the severity of the offense.

Defendant has six prior criminal convictions, and each involves drugs, which is the behavior as the instant offense.  In fact, he committed the instant offense while on supervision for prior drug convictions.  He also qualified as a career offender under the guidelines.

The severity of the instant offense must also be considered.  An investigation revealed that Defendant was involved in a conspiracy, with over twenty co-defendants, to distribute oxycodone.  Ultimately, Defendant was responsible for between 5,598 and 18,656 tablets of 80 milligram oxycodone tablets.  He also was found to be a leader in the conspiracy.

3

## CONCLUSION

For the reasons stated, Defendant's Motion for Compassionate Release

(Doc. No. 887) is DENIED.

IT IS SO ORDERED, this 26th  day of October, 2020.

<u>Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE